CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:  (202) 204-5181
E-Mail:      kculpepper@culpepperip.com

Attorney for Plaintiff
Wicked Nevada, LLC

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| Wicked Nevada, LLC, | ) | **Case No.: 1:19-cv-413-SOM-KJM** |
| | ) | **(Copyright)** |
| Plaintiff, | ) | |
| vs. | ) | **SUPPLEMENTAL** |
| | ) | **MEMORANDUM OF POINTS** |
| JOHN DOE dba YTS et. al., | ) | **AND AUTHORITIES IN** |
| | ) | **SUPPORT OF PLAINTIFF'S** |
| Defendants. | ) | **MOTION FOR LEAVE TO FILE** |
| | ) | **FIRST AMENDED COMPLAINT;** |
| | ) | **DECLARATION OF COUNSEL** |
| | ) | |

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

## I.      BACKGROUND

Plaintiff Wicked Nevada, LLC, (hereafter: "Plaintiff") filed a Motion for Leave to File a First Amended Complaint ("FAC") [Doc. #18] on Nov. 27, 2019. On December 4, 2019, the Court directed Plaintiff to file supplemental briefing

addressing why granting Plaintiff leave to file an amended complaint against proposed defendant Senthil Vijay Segaran is not futile for lack of personal jurisdiction.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) permits amendment of the pleadings with the court's leave, which the Court should give freely. *See* Fed. R. Civ. P. Rule 15(a)(2).   Courts consider bad faith, dilatory motive on the movant's part, undue delay, prejudice to the opposing party, and futility in reviewing a Plaintiff's request to amend the complaint under Rule 15(a).   *See In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004). An amendment is futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).   Personal jurisdiction can be waived by Defendants per Rule 12(b). *See S.E.C. v. Blazon Corp.*, 609 F.2d 960, 965 (9th Cir. 1979) ("A defendant cannot waive his right to assert a lack of subject matter jurisdiction, but he can confer jurisdiction over his person upon a court otherwise lacking that jurisdiction by expressly consenting to it.").

## III.   ARGUMENT

A.  Senthil Vijay Segaran has agreed to personal jurisdiction of Hawaii.

Plaintiff and proposed defendant Senthil Vijay Segaran ("Mr. Segaran") have entered into a settlement agreement in which Mr. Segaran has consented to the personal jurisdiction of this Court. *See* Decl. of Counsel at ¶¶2-3. Indeed, if the proposed FAC is entered, Plaintiff and Mr. Segaran intend to submit a proposed joint stipulated consent judgment for consideration which will terminate this case if entered. Id. at ¶4. These facts certainly establish that personal jurisdiction in this Court is appropriate.

B. Personal Jurisdiction is not a consideration when determining whether a claim is futile.

The consideration when determining whether a claim is futile is whether the claim is valid. *See Miller* at 214. Personal jurisdiction, on the other hand, is a procedural matter. Indeed, because the issue of personal jurisdiction can be waived (and has been in the present case), Plaintiff respectfully submits that it is not appropriate to consider issues of personal jurisdiction when determining whether a proposed amended complaint is futile.

C. The allegations in the proposed FAC and its exhibits and declarations establish personal jurisdiction.

The proposed FAC pleads sufficient facts that can establish personal jurisdiction per either the Hawaii long arm statute or the Federal long arm statute. For example, the declaration of Ms. Kessner shows that: Mr. Segaran's website

sent cookies and trackers to Ms. Kessner's computing device here in Kailua Kona, Hawaii; Mr. Segaran's website accepts applications for accounts and creates registered accounts for users in Hawaii; and that Ms. Kessner was able to place a comment on Mr. Segaran's website from here in Hawaii via a registered account. *See* Decl. of Kessner [Doc. #1-5] at ¶¶5-7, 12.  Ms. Kessner was able to confirm that clicking on the links on Mr. Segaran's website automatically provided a torrent file of Plaintiff's motion pictures.  Id. at ¶¶14-15.  The name of this torrent file is the same as the torrent file Plaintiff's investigator logged being shared by now-dismissed Defendants DOES 1-16.  *See* Exhibit "2" [Doc. #1-2].  The proposed FAC asserts that Mr. Segaran was the initial seeder of the Work.  *See* proposed FAC [Doc. #18-4] at ¶74.  Accordingly, Mr. Segaran sent at least pieces of the Work to DOES 1-16 when their respective BitTorrent client reassembled Plaintiff's motion picture.  Id. at ¶65.  Accordingly, Mr. Segaran committed the torts of contributory copyright infringement and inducement here in Hawaii because the final acts of infringements (which are a requisite element of these torts) were committed here in Hawaii.   Mr. Segaran knew that these users were in Hawaii because they registered their accounts with his website.  Accordingly, jurisdiction is appropriate per the Hawaii long arm statute because Mr. Segaran meets the Ninth Circuit's three part test.  *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068.  (1) He purposely directed acts or transaction to within

Hawaii by sending torrent files of the Work and pieces of the actual copy of the Work to Hawaii and collecting registration and user tracking data from individuals in Hawaii.   (2) Plaintiff's claims arise out of Mr. Segaran sending these torrent files and pieces of the Work to Mr. Segarans registered users here in Hawaii such as DOES 1-16.  (3) The exercise of jurisdiction is reasonable.

Personally jurisdiction is also appropriate per the Federal long arm statute as alleged in the proposed FAC because Mr. Segaran is a citizen of India and a resident of the United Kingdom.  *See* Proposed FAC at ¶21.  Mr. Segaran has used many United States based resources for operating his interactive websites such as the Internet hosting and nameserver company Cloudflare, Inc. (California), the U.S. Internet Service Providers ("ISPs") AT&T, Verizon, and Charter Communications LLC dba Spectrum ("Spectrum"),  the Internet server companies Digital Ocean, Inc. (New York), Level 3 Communications, Inc. (Colorado), Digital Management Partners, LLC dba GigeNET (Illinois), FDC Servers.Net LLC (Illinois), QuadraNet, Inc. (California), and Hurricane Electric Internet Services (California), Virtual Private Network ("VPN") provider London Trust Media (Colorado) and even the Onion Router ("TOR") exit relays of the US Naval Research Labs in Washington.  Id. at ¶¶13-14.  Defendant purposefully avails himself of the benefit of US law – namely the benefits of the Digital Millennium Copyright Act ("DMCA").  Id. at ¶11 (see bottom of website screenshot).

Accordingly, Mr. Segaran certainly satisfies the three-part test of *Axiom Foods, Inc.* when applying the United States as a whole as the forum to consider personal jurisdiction under the Federal long arm statute.  (1) He performed acts or transaction within the United States by sending torrent files of the Work, pieces of the actual copy of the Work, and collecting registration and user tracking data from individuals in the United States.  He used the US based resources such as CloudFlare, Digital Ocean and many other US server companies to host his website.  He used the VPN in the US Naval Research Labs in Washington to attempt to conceal his operation of the website.  (2) Plaintiff's claims arise out of Mr. Segaran using these US resources that host operation of his website to send these torrent files and pieces of the Work to individuals here in the United States such as DOES 1-16 in Hawaii.  (3) The exercise of jurisdiction is reasonable.

## IV.   CONCLUSION

Applying the liberal standard set forth in Federal Rule of Civil Procedure, the Court should grant Plaintiff's Motion for Leave to File the FAC because it is not futile.


DATED: Kailua-Kona, Hawaii, December 6, 2019.

CULPEPPER IP, LLLC


/s/ Kerry S. Culpepper
Kerry S. Culpepper

Attorney for Plaintiff